The questions in this case grow out of a contest between the appellants, McMakin, Burgess Kelly on the one hand, and the respondent, Comly, on the other, for the proceeds of the sale of the property of Waters Laird, in the hands of the sheriff of New Castle county, amounting to $16,669 50. The property was levied upon under the execution of McMakin, Burgess *Page 128 Kelly, but before the sale, the execution of Comly was placed in the hands of the sheriff. Under these circumstances, although the the first execution as a general rule of law, would be entitled to priority of payment out of the proceeds of sale; yet, as both executions wereliens on the property, if from any cause the first fails, the second becomes entitled to the proceeds. (7 Taunt. Rep. 56,Jones vs. Atherton; 1 Term Rep. 729,Hutchinson vs. Johnson.) The claim of the appellants, McMakin, Burgess Kelly, must depend on the validity and effect of the bond given to them by Waters Laird, which is the foundation of their judgment and execution. Waters Laird were in embarrassed circumstances, and in contemplation of insolvency, without any communication with their creditors, voluntarily gave this bond for $18,690 63 to McMakin, Burgess Kelly, for the purpose of enabling them through the process of the courts, to sell the whole of their (Waters Laird's) property, with the understanding that out of the proceeds of sale, they (McMakin, Burgess Kelly,) should retain the sum of $400, for a debt due to Kelly, and should pay the balance to certain other preferred creditors, according to a schedule furnished by Waters Laird. The question is, whether McMakin, Burgess Kelly can claim any thing out of the proceeds of sale beyond the sum of $400, due to Kelly. If they can, it must be as trustees for the creditors mentioned in the schedule. If Waters Laird, under the same circumstances instead of giving the bond, had executed a deed conveying their property to McMakin, Burgess Kelly for the payment of these debts, to which the creditors were neither parties nor privies, it would not have divested the beneficial interest of Waters Laird, and created the relation of trustees and cestuis que trust between McMakin, Burgess Kelly, and the creditors mentioned in the schedule. (Wallwyn vs. Coutts, 3 Mer. 707;Garrard vs. Lord Lauderdale, 3 Sim. 12;Acton vs. Woodgate, 2 M. K. 495.) In Actonvs. Woodgate, Sir John Leach says, "the deed merely operates as a power to the trustees, which is revocable by the debtor, and has the same effect as if the debtor had delivered money to an agent to pay the creditors, and before any payment made by the agent, or communication by him to the creditors had recalled the money so delivered." In the case of Bill vs. Cureton, 2 M. K. 511, the master of the rolls says, "In Wallwyn vs. Coutts and Garrard vs.
Lord Lauderdale, the character of trustee and cestui que trust
never existed between the creditor and the trustees, for the settler himself was the only cestui que trust; and therefore, he was entitled to direct the application of his own *Page 129 
trust fund. The rule is adopted to promote the views and intentions of the parties. A man who, without any communication with his creditors, puts property into the hands of trustees, for the purpose of paying his debts, proposes only a benefit to himself and not to his creditors; it would be a result most remote from the contemplation of the debtor, if it should be held that any creditor discovering the transaction, should be able to fasten upon the property and invest himself with the character of cestui que trust."
The same principle would prevail if Waters Laird had sold their property and placed the proceeds in the hands of McMakin, Burgess 
Kelly, for the payment of the debts mentioned in the schedule; the latter would not by that mere fact have become liable to suit, either at law or in equity, on the part of the creditors. (Stewart vs. Fry,
7 Taunt. Rep. 339; Williams vs. Everett, 14East, 582; Acton vs. Woodgate, 2 M. K.
495; Gibson vs. Minet, 2 Bing. 7.) In the present case there was no conveyance by deed of the property, nor payment of money to McMakin, Burgess Kelly, but simply a bond, which is an acknowledgment of indebtedness under seal, and was designed, as the first step in a proceeding, to enable the obligees through the instrumentality of the process of the courts, to convert the property of the obligors into money for the purpose which has been stated. Before that process of conversion was completed the execution of the respondent, Comly, became a lien on the property in the hands of the sheriff. It has been already stated, that McMakin, Burgess Kelly have no beneficial interest in these funds beyond the sum of $400, and it is clear, that they cannot claim the balance as trustees of the creditors; for the relation of trustees and cestuisque trust, never has existed between them and the creditors. If the funds were to pass into their hands they would be the trustees of Waters Laird, who might revoke the authority to pay the creditors, and recall the money. (7 Taunt. Rep. 339,Stewart vs. Fry.) But there is another ground on which the claim of the first execution must be defeated. It is expressly provided by act of assembly (Dig. 140,) that if any person, in contemplation of insolvency, shall make an assignment of his estate or effects, and shall prefer any creditor to another, the assignment shall be void, and the estate or effects shall be liable to be taken in execution as if no such assignment had been made. There is no objection under this provision to the debtor's paying any one of his creditors, or giving him a judgment for a bona fide debt, which may secure the payment of his debt in full; all this is compatible with the rights of others, and may be due to the diligence *Page 130 
of the creditor. But the purpose and policy of the law is to prevent a voluntary transfer of the entire estate of the debtor for the benefit of a few creditors. Here is a contrivance by which it is attempted to do, by means of the process of the courts, what the law says shall not be done, the bond being given for more than the value of the property, and the object and effect of the proceeding being to convert the whole estate or effects of Waters Laird into money, and transfer it to McMakin, Burgess Kelly for the benefit of certain preferred creditors. The bond is therefore void, as being contrary to the policy of the law. (Norton vs. Syms, Moor 856; Collins vs. Blantern,2 Wils. 347; Paxton vs. Popham, 9 East. 408.)
As to the refusal of the chancellor to order certain proposed issues of fact to be tried at the bar of the Superior Court, we are clearly of opinion, that the provision of the act of assembly which directs it to be done, must be understood as referring only to issues of fact which involve the merits of the case, and are material to the decision of the cause, which we do not conceive to have been the character of those proposed in the present instance.